IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RYAN MCFEELY | * |
| & | * |
| JOSHUA BARBOUR | * |
| | * |
| v. | * Civil Action No. 1:21-cv-01390-CCB |
| | * |
| WELLS FARGO BANK, NA | * |
| & | * |
| SPECIALIZED LOAN | * |
| SERVICING, LLC | * |

\*\*\*\*\*\*

## MEMORANDUM

Pending before the court is Plaintiffs Ryan McFeely and Joshua Barbour's ("Mr. McFeely and Mr. Barbour") motion to remand this action to the state court from which it was removed. (ECF 4). The motion is fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, the court will grant the plaintiffs' motion to remand.

## BACKGROUND

This action originally was filed in the Circuit Court for Baltimore City on April 22, 2019, raising claims for violations of the Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act, for defamation, and for declaratory and injunctive relief. (ECF 2). Defendant Wells Fargo Bank, NA ("Wells Fargo") removed the action to this court on June 4, 2021. (ECF 1). Three days later, Mr. McFeely and Mr. Barbour filed a motion to remand. (ECF 4). Defendant Specialized Loan Servicing, LLC ("SLS") (ECF 11) and Wells Fargo (ECF 12) responded to the motion to remand, and Mr. McFeely and Mr. Barbour replied (ECF 13).

## LEGAL STANDARD

1

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "A court is to presume, therefore, that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen*, 511 U.S. at 377). The "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir.2010). Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Even in the absence of a challenge to jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

## DISCUSSION

Wells Fargo and SLS support the removal of this action asserting that this court has both federal question and diversity jurisdiction over the plaintiffs' claims. The plaintiffs contend that removal was improper because this court has neither federal question nor diversity jurisdiction.

### I. Federal Question Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331. "This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). A federal court also has jurisdiction of a state-law claim if it "necessarily raise[s] a stated

federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance" of federal and state power. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569–70 (2016) (quoting *Grable*, 545 U.S. at 314). However, a federal question is not "necessarily" raised under § 1331 unless it is essential to resolving a state-law claim, meaning that "*every* legal theory supporting the claim requires the resolution of a federal issue." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004).

Wells Fargo and SLS argue that Count I of the Complaint, which alleges violations of the Maryland Consumer Debt Collection Act (MCDCA), is expressly predicated on violations of federal law: the Real Estate Settlement Procedures Act (RESPA) and its accompanying Regulation X, 12 C.F.R. § 1024. They assert that RESPA lacks a corollary under state law, and that, because RESPA is not incorporated into the MCDCA, the claim will require resolution of issues of federal law.

This argument is unconvincing. Mr. McFeely and Mr. Barbour reference, but do not assert claims under, RESPA or the Fair Debt Collection Practices Act (FDCPA), so there is no conventional federal question jurisdiction for the case for Count I. Nor is there alternative jurisdiction, which requires a disputed and substantial stated federal issue. *See Burrell v. Bayer Corp.*, 918 F.3d 372, 379 (4th Cir. 2004); *Greer v. Crown Title Corp.*, 216 F. Supp. 2d 519, 523 (D. Md. 2002) ("The fact that the complaint references, or is in some part based upon, federal law does not mean that this case 'arises under' federal law as contemplated by § 1331."); *see also Nevada v. Bank of America Corp.*, 672 F.3d 661, 676 (9th Cir. 2012) ("Exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald[] a potentially enormous shift of state cases into federal court.'" (internal citation omitted)).

3

Further, this is not a case where "*every* legal theory supporting the claim requires the resolution of the federal issue.' *Dixon*, 369 F.3d at 816. Mr. McFeely and Mr. Barbour's MCDCA claims do not rely exclusively on RESPA or Regulation X violations, but rather allege several independent bases for liability under state law, including failure to conduct an investigation into the plaintiffs' disputes, failure to record the Deed in Lieu of Foreclosure, delay in recording the second Deed in Lieu of Foreclosure, and failure to follow state collection laws. (*See* ECF 2 ¶ 58). As Mr. McFeely and Mr. Barbour's complaint does not "necessarily raise a stated federal issue," *Grable*, 545 U.S. at 312, this court lacks federal question jurisdiction over the case.[1]

## II. Diversity Jurisdiction

For a federal court to possess diversity subject-matter jurisdiction, there must be complete diversity between the parties (where no plaintiff shares the state of citizenship with any defendant), and the jurisdictional amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(a).

### a. Defendants Cannot Aggregate Plaintiffs' Damages to Meet the Amount-in-Controversy Requirement

In their notice of removal, Wells Fargo and SLS contend that diversity jurisdiction exists because there is a complete diversity of citizenship and Mr. McFeely and Mr. Barbour's claims aggregate to exceed $75,000.00. Mr. McFeely and Mr. Barbour do not contest that complete diversity of citizenship exists; rather, they argue that the amount in controversy requirement has not been met. In the complaint, Mr. McFeely alleges a maximum of $65,000.00 in damages, inclusive of attorney's fees (up to $30,000.00 under Count I, up to $30,000.00 under Count II, and up to $5,000.00 in fees and expenses under Count IV). (ECF 2 ¶¶ 60, 66, 80). Mr. Barbour similarly alleges a maximum of $65,000.00 in damages, inclusive of attorney's fees (up to $30,000.00 under

---

[1] The court finds it unnecessary to resolve the parties' differing interpretations of *White v. NewRez LLC*, No. CV RDB-20-1259, 2020 WL 4748539 (D. Md. Aug. 17, 2020).

4

Count I, up to $30,000.00 under Count III, and up to $5,000.00 in fees and expenses under Count IV). (ECF 2 ¶¶ 60, 75, 80).

It is well established that defendants cannot aggregate multiple plaintiffs' damages to meet the amount in controversy requirement of § 1332(a). *Zahn v. International Paper Co.*, 414 U.S. 291, 294 (1973). "It is fundamental that each plaintiff must demonstrate the jurisdictional basis and allege the necessary amount in controversy" in a case where the plaintiffs are seeking the federal court's jurisdiction. *Feikema v. Texaco, Inc.*, 16 F.3d 1408, 1412 (4th Cir 1994). Wells Fargo and SLS provide no basis to find a higher amount in controversy than is pled in the complaint. *See Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 509 (D. Md. 2002) (holding that, where a plaintiff claims a specific amount in damages that is less than $75,000.00, removal is proper only if the defendant can prove to a "legal certainty" that the plaintiff would actually recover more than that if she prevailed). The defendants, as the parties attempting to remove the case to federal court, carry the burden of demonstrating that the amount in controversy exceeds $75,000.00.

### b. Defendants Cannot Raise a New Theory for Removal in Their Response

In their responses to Mr. McFeely and Mr. Barbour's motion to remand, Wells Fargo and SLS contend that the declaratory relief sought in Count IV meets the amount in controversy requirement, as the "object of the litigation," exceeds $75,000.00, citing *Woods v. Flagstar Bank, FSB*, 2013 WL 4008880, *2 (D. Md. Aug 1, 2013). They state that Mr. McFeely and Mr. Barbour seek to determine their personal liability for a debt with a principal balance of $170,520.98, an amount in excess of $75,000.00. (ECF 11-1, Affidavit of Outstanding Principal Mortgage; ECF 11-2, Affidavit as to Total Payment).

This new theory for removal—that the object of the plaintiffs' declaratory relief exceeds

5

$75,000.00—is not stated in the Notice of Removal. (ECF 1 ¶¶ 9-14). Instead, the Notice relied on "damages for the alleged statutory violations plus reasonable attorneys' fees." (*Id.* ¶ 13).

The Fourth Circuit has held that,

> [A]fter thirty days [of service of the pleading], district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis . . . . It is thus reasonable to expect that a litigant would raise every ground for removal in his initial filing. Such a rule prevents . . . incessant back-and-forth controversy . . . We usually hold parties to that sort of strategic decision, and are unable to discern why this situation would merit a departure from the general rule."

*Wood v. Crane Co.*, 764 F.3d 316, 323, 326 (4th Cir. 2014). As Wells Fargo and SLS made the choice not to raise this theory regarding the object of declaratory relief in the notice of removal or in any subsequent timely amendment, it will not now suffice to establish subject matter jurisdiction in federal court.

## CONCLUSION

For the reasons discussed herein, the court will grant Mr. McFeely and Mr. Barbour's motion to remand. A separate Order follows.

10/26/21
Date

_____
Catherine C. Blake
United States District Judge

6